UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOHN FERRO,

                                    Plaintiff,

            -against-

AMERICAN AIRLINES, INC.,

                                    Defendants.
---------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ OCT 1 6 2009 ★

BROOKLYN OFFICE

DOCKET NO.

**CV**        **08        4433**

NOTICE OF REMOVAL

GERSHON, J

LEVY, M.J

**PLEASE TAKE NOTICE** that defendant, AMERICAN AIRLINES, INC., by and through

its attorneys, RUTHERFORD & CHRISTIE, LLP, hereby removes this action to the United States

District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1441 and § 1332.

1.  This action was commenced against AMERICAN AIRLINES, INC.,  in the Supreme

Court of the State of New York, County of Queens, by the filing of a Summons and Verified

Complaint with the Clerk of the Court on or about September 11, 2009.

2.      This suit was originally commenced on September 11, 2009, against the

PORT AUTHORITY OF NY & NJ and AMERICAN AIRLINES, INC and, therefore, was not

removable at the time that issue was joined by the defendants.  On October 5, 2009, the action

against the  PORT AUTHORITY OF NY & NJ was discontinued and AMERICAN AIRLINES,

INC., is now the sole remaining defendant. A copy of the Stipulation of Discontinuance entered with

the Clerk of the Court on October 14, 2009 is annexed hereto as Exhibit "A."

3.    Upon information and belief and pursuant to the averments in the Summons and Verified Complaint, plaintiff is a permanent resident of the County of Queens, State of New York and, therefore, is domiciled in and citizen of, the State of New York.

4.    At the time of service of the Summons and Verified Complaint, AMERICAN AIRLINES, INC. was and is incorporated under the laws of the State of Delaware, with its principal place of business in Texas and therefore is a citizen of the State of Delaware and of the State of Texas.

4.    Therefore, the action is between citizens of different states as defined by 28 U.S.C. § 1332(a)(1).

5.    The Complaint seeks damages for personal injury due to the alleged negligence of AMERICAN AIRLINES, INC., in excess of the jurisdictional limitations of all lower Courts in the State of New York which would otherwise have jurisdiction and upon information and belief, the matter in dispute exceeds the sum of seventy-five thousand dollars exclusive of interest and costs.

6.    This cause of action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332, in that the amount in controversy upon information and belief, exceeds $75,000 exclusive of interest and costs, and that it is between citizens of different states.  By virtue of 28 U.S.C. §1441(a), this cause of action is removable to this Court.

7.     Defendant, AMERICAN AIRLINES, INC., was purportedly served with a copy of the initial pleading setting forth the claim(s) upon which this action is based on or about September 21, 2009.

8.     In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days after receipt by the defendant of a copy of the initial pleading.

9.     Based upon the facts set forth above, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

10.     Pursuant to 28 U.S.C. 1446(a), copies of the Summons and Verified Complaint, which constitute all process, pleadings or orders served or filed by the parties in the Supreme Court of the State of New York, are attached hereto as Exhibit "B" and made a part of this Notice by reference.

11.     AMERICAN AIRLINES, INC., will pay all costs and disbursements by reason of this removal proceeding should it be determined that this case is not removable or is improperly removed.

12.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

    **WHEREFORE**, and without waiver of any substantial or procedural defenses, AMERICAN

AIRLINES, INC., requests that this Court assume jurisdiction over this action and make such further

orders herein as may be required to properly determine its controversy.

Dated:  New York, New York
         October 16, 2009

                         Respectfully submitted,

                    **RUTHERFORD & CHRISTIE, LLP**

                    By:

                      David S. Rutherford (DR 8564)
                      Attorneys for Defendant
                      AMERICAN AIRLINES, INC.
                      369 Lexington Avenue, 8th Floor
                      New York, New York 10017
                      (212)  599-5799
                      Our File No.: 3748.348


TO:    SILBOWITZ, GARAFOLA, SILBOWITZ,
        SCHATZ & FREDERICK, LLP
        Attn: George Garafola, Esq.
        25 West 43rd Street, Suite 711
        New York, New York 11036
        (212) 354-6800

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that copies of DEFENDANT'S NOTICE OF REMOVAL, TO THE CLERK OF THE SUPREME COURT, QUEENS COUNTY, NOTICE OF REMOVAL and NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL were served via regular mail to the firm of SILBOWITZ, GARAFOLA, SILBOWITZ, SCHATZ & FREDERICK, LLP, Attn: George Garafola, Esq., 25 West 43rd Street, Suite 711, New York, New York 11036, on the 16th day of October, 2009.

RUTHERFORD & CHRISTIE, LLP

By:

David S. Rutherford (DR 8564)
Attorneys for Defendant
AMERICAN AIRLINES, INC.
369 Lexington Avenue, 8th Floor
New York, New York 10017
(212) 599-5799
Our File No.: 3748.348

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JOHN FERRO,                                                    DOCKET NO.:

                                                              **NOTICE TO ADVERSE**
                              Plaintiff,                       **PARTY OF FILING OF**
          -against-                                            <u>**NOTICE OF REMOVAL**</u>


AMERICAN AIRLINES, INC.,

                              Defendant.

-----------------------------------------------------------------X

          **PLEASE TAKE NOTICE,** that on October 16, 2009, defendant, AMERICAN AIRLINES,

INC., duly filed the Notice of Removal in this action in its entirety to the United States District Court

for the Eastern District of New York.

          A copy of the Notice of Removal with copies of all process, pleadings and orders served on

the defendant, AMERICAN AIRLINES, INC., and/or filed in the Supreme Court of the State of New

York, County of Queens, are annexed hereto.


Dated: New York, New York
          October 16, 2009                    Respectfully submitted,

                              **RUTHERFORD & CHRISTIE, LLP**

                              By:
                                   David S. Rutherford (DR 8564)
                                   Attorneys for Defendant
                                   AMERICAN AIRLINES, INC.
                                   369 Lexington Avenue, 8th Floor
                                   New York, New York 10017
                                   (212) 599-5799
                                   Our File No.: 3748.348

TO:   SILBOWITZ, GARAFOLA, SILBOWITZ,
      SCHATZ & FREDERICK, LLP
      Attn: George Garafola, Esq.
      25 West 43rd Street, Suite 711
      New York, New York 11036
      (212) 354-6800

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------X

JOHN FERRO,

                               Plaintiff,

          -against-

THE PORT AUTHORITY OF NEW YORK & NEW JERSEY
and AMERICAN AIRLINES, INC.,

                            Defendants.
-------------------------------------------------------------------------X

**Index No. 24526/09**

**NOTICE OF REMOVAL
TO CLERK OF THE
SUPREME COURT,
QUEENS COUNTY**

TO:    CLERK OF THE SUPREME COURT OF THE STATE OF NEW YORK,
        COUNTY OF QUEENS
        88-11 Sutphin Boulevard
        Jamaica, New York 11435

        **PLEASE TAKE NOTICE** that on October 16, 2009, the defendant, AMERICAN

AIRLINES, INC., duly filed a Notice of Removal, a copy of which is annexed hereto, removing this

action in its entirety to the United States District Court for the Eastern District of New York.

Dated: New York, New York
       October 16, 2009

                          Respectfully submitted,

                        **RUTHERFORD & CHRISTIE, LLP**

                  By:
                        David S. Rutherford
                        Attorneys for Defendant
                        AMERICAN AIRLINES, INC.
                        369 Lexington Avenue, 8th Floor
                        New York, New York 10017
                        (212) 599-5799
                        Our File No.: 3748.348

TO:   SILBOWITZ, GARAFOLA, SILBOWITZ,
      SCHATZ & FREDERICK, LLP
      Attn: George Garafola, Esq.
      25 West 43rd Street, Suite 711
      New York, New York 11036
      (212) 354-6800

## AFFIDAVIT OF SERVICE VIA MAIL

**STATE OF NEW YORK**   }

                           **ss.:**

**COUNTY OF NEW YORK }**

     **Malta Gonzalez,** being duly sworn, deposes and says:

Deponent is not a party to the within action, is over 18 years of age and resides in New York County of the State of New York.

That on the 16th day of October, 2009 deponent served the within **NOTICE OF REMOVAL TO THE CLERK OF THE SUPREME COURT, QUEENS COUNTY** upon:

     SILBOWITZ, GARAFOLA, SILBOWITZ,
     SCHATZ & FREDERICK, LLP
     Attn: George Garafola, Esq.
     25 West 43rd Street, Suite 711
     New York, New York 11036
     (212) 354-6800

     attorneys for the plaintiffs in this action, at the address designated by said attorneys for that purpose, by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

                                               _____
                                               Malta Gonzalez

**Sworn to before me on this**
**16th day of October, 2009**

_____
**NOTARY PUBLIC**

L. DIANA MULDERIG
Notary Public, State of New York
No. 02MU6083581
Qualified in Westchester County
Commission Expires Nov. 18, 2010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------------X
JOHN FERRO,

                  Index No.: 24526/09

            Plaintiff,

    -against-                     **STIPULATION OF**
                                   **DISCONTINUANCE**

THE PORT AUTHORITY OF NEW YORK & NEW JERSEY
and AMERICAN AIRLINES, INC.,

                Defendants.
------------------------------------------------------------------------X

        **IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, the

attorneys of record for the plaintiff, defendants THE PORT AUTHORITY OF NEW YORK and

NEW JERSEY, and AMERICAN AIRLINES, INC., the parties to the above entitled action, that

whereas no party hereto is an infant, incompetent person for whom a committee has been

appointed or conservatee and no person not a party has an interest in the subject matter of the

action, that Plaintiff's action is hereby dismissed as to <u>THE PORT AUTHORITY OF NEW YORK</u>

<u>& NEW JERSEY, ONLY,</u> **without prejudice**, without costs to either party as against the other.


Dated: New York, New York
       October 5, 2009

**SILBOWITZ, GARAFOLA, SILBOWITZ,**     **RUTHERFORD & CHRISTIE, LLP**
**SCHATZ & FREDERICK, LLP**


By:_____       By: _____
    George Garafola, Esq.               L. Diana Mulderig, Esq.
    Attorneys for Plaintiff               Attorneys for Defendants
    25 West 43rd Street, Suite 711        THE PORT AUTHORITY OF NY & NJ
    New York, New York 11036          and AMERICAN AIRLINES INC.
    (212) 354-6800                  369 Lexington Avenue, 8th Floor
                                   New York, New York 10017
                                   (212) 599-5799

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
JOHN FERRO

                                        Plaintiff(s),

                    -against-
                    Inc.
AMERICAN AIRLINES AND PORT AUTHORITY OF
NEW YORK AND NEW JERSEY

                                        Defendant(s).


-------------------------------------------------------------------X

Index No.: 24526/09
Date Purchased:
**SUMMONS**

Plaintiffs designate Queens
County as the place of trial.

The basis of venue is:
place of occurence

Plaintiffs reside at:
151-20 88th Street
Howard Beach, NY 11414
County of Queens

**To the above named Defendants:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy
of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance
on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day
of service, where service is made by delivery upon you personally within the state, or, within 30 days
after completion of service where service is made in any other manner.  In case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated:        New York, NY
              September 10, 2009



              GEORGE GARAFOLA
              Silbowitz, Garafola, Silbowitz, Schatz & Frederick,
              LLP
              Attorneys for Plaintiff(s)
              JOHN FERRO
              25 West 43rd Street
              Suite 711
              New York, NY 10036
              (212)354-6800
              Our File No. 09-0243

TO:

                              2009 SEP 11  AM 9:54
                              RECEIVED
                              QUEENS COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
JOHN FERRO

                               Plaintiff(s),

            -against-

AMERICAN AIRLINES AND PORT AUTHORITY OF
NEW YORK AND NEW JERSEY

                              Defendant(s).

-----------------------------------------------------------------X

Index No.:
Date Purchased:

**VERIFIED COMPLAINT**

Plaintiffs, by their attorneys, **SILBOWITZ, GARAFOLA, SILBOWITZ, SCHATZ &**

**FREDERICK, LLP**, complaining of the Defendants, respectfully allege, upon information and

belief:

     1.     That at the time of the commencement of this action, Plaintiff resided in the County

of Queens, State of New York.

     2.     That the cause of action alleged herein arose in the County of Queens, City and State

of New York.

     3.     That this action falls within one or more of the exemptions set forth in CPLR '1602.

     4.     That on February 21, 2009, and at all times herein mentioned, Defendant **PORT**

**AUTHORITY OF NEW YORK AND NEW JERSEY** was, and still is, a municipal corporation.

     5.     That prior hereto on March 27, 2009, and within the time prescribed by law, a sworn

Notice of Claim stating, among other things, the time when and place where the injuries and

damages were sustained, together with Plaintiff's demands for adjustment thereof was duly served on

the claimant's behalf on the Port Authority of New York and New Jersey and that thereafter said

defendant refused or neglected for more than thirty (30) days and up to the commencement of this action to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

6.    That this action is being commenced within one year after accrual of this cause of action, or within the time allowed by law.

7.    That at all times hereinafter mentioned, the Defendant **AMERICAN AIRLINES** was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.    That at all times hereinafter mentioned, the Defendant **AMERICAN AIRLINES** was and still is a foreign corporation duly authorized to do business in the State of New York.

9.    That at all times hereinafter mentioned, the Defendant **AMERICAN AIRLINES** maintained its principal place of business in the State of Texas.

60.    That on February 21, 2009, and at all times herein mentioned, a premises existed in the County of Queens, City and State of New York with the address of Building# 123 at JFK Airport.

11.    That on February 21, 2009, and at all times herein mentioned, the aforesaid premises were owned by Defendant **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**.

12.    That on February 21, 2009, and at all times herein mentioned, the aforesaid premises were operated and managed by Defendant **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**.

13.    That on February 21, 2009, and at all times herein mentioned, the aforesaid premises were maintained by Defendant **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**.

14.    That on February 21, 2009, and at all times herein mentioned, it was the duty of Defendant **PORT AUTHORITY OF NEW YORK AND NEW JERSEY** to maintain the premises

at Building# 123, JFK Airport, in the County of Queens, State of New York, in a reasonably safe condition.

15.    That at all times hereinafter mentioned, the Defendant **AMERICAN AIRLINES** owned the premises and appurtenances and fixtures thereto, located at Building# 123, JFK Airport, in the County of Queens, City and State of New York.

16.    That at all times hereinafter mentioned, the Defendant **AMERICAN AIRLINES** operated the aforesaid premises.

17.    That at all times hereinafter mentioned, the Defendant **AMERICAN AIRLINES** managed the aforesaid premises.

18.    That at all times hereinafter mentioned, the Defendant **AMERICAN AIRLINES** controlled the aforesaid premises.

19.    That at all times hereinafter mentioned, the Defendant **AMERICAN AIRLINES** maintained the aforesaid premises.

20.    That at all times hereinafter mentioned, the Defendant **AMERICAN AIRLINES** repaired the aforesaid premises.

21.    On February 21, 2009 Plaintiff **JOHN FERRO** was lawfully on the aforesaid premises.

22.    That on February 21, 2009, Plaintiff **JOHN FERRO** was a lawful pedestrian at the above-mentioned location.

23.    That on February 21, 2009, while Plaintiff was lawfully at the aforesaid location, he was caused to slip and/or trip and fall and sustain severe and permanent injuries.

3

24.     The above mentioned occurrence, and the results thereof, were caused by the negligence of the Defendants and/or said Defendant's agents, servants, employees and/or licensees in the ownership, operation, management, maintenance and control of the aforesaid premises.

25.     That, upon information and belief, Defendant had actual notice of this defective condition prior to February 21, 2009.

26.     That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

27.     That by reason of the foregoing, Plaintiff **JOHN FERRO** was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

28.     That by reason of the foregoing, Plaintiff **JOHN FERRO** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff(s) demand(s) judgment against the Defendants herein on all causes of action, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:     New York, NY
           September 10, 2009

Yours, etc.

GEORGE GARAFOLA

4

Silbowitz, Garafola, Silbowitz, Schatz & Frederick,
LLP
Attorneys for Plaintiff(s)
JOHN FERRO
25 West 43rd Street
Suite 711
New York, NY 10036
(212)354-6800
Our File No. 09-0243

5

## ATTORNEY'S VERIFICATION

GEORGE GARAFOLA, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury: I am an attorney at SILBOWITZ, GARAFOLA, SILBOWITZ, SCHATZ & FREDERICK, LLP, attorneys of record for Plaintiff(s),John Ferro. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff(s) is/are not presently in the county wherein I maintain my offices.


DATED:      New York, NY
            September 10, 2009


_____
GEORGE GARAFOLA

6

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

JOHN FERRO

                              Plaintiff(s),

              -against-

AMERICAN AIRLINES AND PORT AUTHORITY OF NEW YORK AND NEW JERSEY

                              Defendant(s).

---

### SUMMOND AND VERIFIED COMPLAINT

---

**Silbowitz, Garafola, Silbowitz, Schatz & Frederick, LLP**
*Attorneys for Plaintiff(s)*
**25 West 43rd Street**
**New York, NY 10036**
**(212)354-6800**

---

TO: